### UNITED STATES v. 59,650 CIGARS et al.

#### (District Court, S. D. New York. May 6, 1905.)

PRACTICE—COURT RULE—NOTICE TO SURETY ON BOND—SERVICE ON ATTORNEY OF OBLIGOR.

    A bond had been given to abide by the judgment to be entered in in rem proceedings for the forfeiture of merchandise seized for violation of internal revenue laws. On a judgment of forfeiture being rendered, an order was entered for the stipulators to the bond to show cause why judgment should not be entered against them; this order being served on the attorney for the obligor on the bond, but in no way upon one of

the sureties. Such service was *held* sufficient notice to the surety, the case being analogous to the rule of the court, under the head of "Admiralty," that, in case of admiralty stipulations, service upon the proctor of the party binds the surety; this rule becoming applicable by virtue of the further rule that "arrangement of rules under distinct heads is not to prevent their covering every mode of procedure in the court to which they may be applicable."

Marx & Miller, for the motion.

Henry L. Burnett, U. S. Atty., and Henry A. Wise, Asst. U. S. Atty.

ADAMS, District Judge. This is a motion for an order vacating and setting aside a judgment docketed against Betty Glück on the 29th day of March, 1905, for the sum of $1217.45.

It appears that certain cigars and tobacco were seized by the Collector of Internal Revenue on the 25th day of September, 1903, for a violation of the United States Revenue Laws, under section 3453 of the Revised Statutes [U. S. Comp. St. 1901, p. 2278]. Thereafter the Collector turned the property over to the Marshal for this district, under authority of section 3458 [U. S. Comp. St. 1901, p. 2281]. Thereafter Rosa Simon, claiming to be the owner of said property, caused the same to be appraised and subsequently it was delivered to her upon giving the following stipulation:

"Know all men by these presents, that we Rosa Simon, Max Schoenberger & Betty Glück are held and firmly bound unto the United States of America in the full and just sum of Thirteen hundred dollars, money of the United States; for which payment, well and truly to be made, we bind ourselves, jointly and severally, our heirs, executors, and administrators, firmly by these presents.

Sealed with our seals, and dated this 28th day of September, in the year one thousand nine hundred and three.

The condition of the foregoing obligation is such that whereas Ferdinand Eidman, Collector of the Third District of New York, has seized, by virtue of the 3453rd section of the Revised Statutes of the United States, as enacted June 22, 1874, the following named and inventoried goods and chattels, wares, and merchandise, as forfeited to the United States, and the same on application made by Rosa Simon to Ferdinand Eidman, collector of the said district, to examine the said property, on the ground that it cannot be kept without great expense, has been found by the said collector necessary to be sold to prevent such expense; and whereas he, the said collector, has appraised the said property, as hereinafter set forth; in accompanying inventory; and whereas the said Rosa Simon alleges herself to be the owner of said property so seized and inventoried as aforesaid, and the same, at the ensealing and delivery hereof, is returned to Rosa Simon, as the owner thereof:

Now, therefore, if the said Rosa Simon shall well and truly abide the final order, decree, or judgment of the court having or taking cognizance of the claims of the United States upon the said goods, chattels, wares, and merchandise seized as forfeited as aforesaid, and pay the amount of said appraised value of said property, as he or they may be ordered and directed by said court, then the above obligation shall be void and of no effect, otherwise to be and remain in full force and virtue."

Thereafter the cause was called for trial and a verdict directed for the Government. A judgment was subsequently entered on the verdict and an order granted for the stipulators to show cause why judgment should not be had against them. This was served upon the attorneys for the claimant of the property but not in any way

upon Betty Glück, who has apparently had a judgment entered against her without any actual notice.

The question is whether the absence of such notice affects the validity of the judgment.

The obligation which Betty Glück entered into was to abide the final order, decree or judgment of the court. This is analogous to proceedings in admiralty, where, in in rem proceedings, the parties to a bond are supposed to be represented by the proctor for the claimant.

Admiralty Rule 57 of this court provides:

"Where proceedings on a decree shall not be stayed by an appeal, and the decree shall not be fulfilled or satisfied in ten days after notice to the proctor, if there be any, of the party against whom it shall be rendered, it shall be of course to enter an order that the sureties of such party cause the engagement of their stipulation to be performed, or show cause in four days, or on the first day of jurisdiction afterwards, why execution should not issue against them, their lands, goods and chattels, according to their stipulation; and, if no cause be then shown, due service having been made on the proctor of the party, if there be any, a summary decree shall be rendered against them on their stipulations, and execution issue; but the same may be discharged upon the performance of the decree and payment of all costs and clerk's charges. This rule does not apply to sureties on bonds given under section 941 of the Revised Statutes of the United States [U. S. Comp. St. 1901, p. 692]."

The practice hereunder, however, is not confined strictly to admiralty matters. It is provided in Miscellaneous Rule 98:

"The above arrangement of rules under distinct heads is not to prevent their governing every mode of procedure in Court to which they may be applicable; but conflicting provisions under different heads are to be restricted each to the head of practice under which it is placed."

There is nothing conflicting in the provisions of the rule which would prevent its application to a case of this kind. It will be observed that Rule No. 57 explicitly provides that if no cause be shown, i. e., why a judgment should not be entered against the sureties, due service having been made on the proctor of the party, a summary judgment will be entered on the stipulation, as was done here. When the parties executed this stipulation, presumably they did it with knowledge of the rules and practice of the court, which rendered the attorney of the claimant here the proper person upon whom to serve the order to show cause and no cause having been shown, the judgment was properly entered. No cause is shown now why the stipulator should be relieved from the obligation of her bond.

The motion is without merit and should be denied.